**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**PATTERSON DENTAL COMPANY, a Minnesota Corporation,**

Plaintiff,

v.

**WELCH ALLYN, INC.,**

Defendant.

Civil No. 01-163 (MJD/JGL)

**O R D E R**

---

APPEARANCES

Jeffery Shaw, Esq., for Plaintiff.

Mark Privatsky, Esq., and Deborah Karalunas, Esq., for Defendant.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 18, 2002, on Plaintiff's Motion to Compel Discovery (Doc. No. 16). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

The instant motion arises out of a breach of contract case. In 1994 the Parties entered into a dealership agreement ("the agreement") whereby Plaintiff had the exclusive right to market one of Defendant's dental cameras.

FILED JUN 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In 2000, Defendant discontinued its dental products business. Plaintiff claims that this decision constitutes a breach of contract. Defendant has filed counterclaims alleging breach of contract, defamation, and deceptive trade practices. In the instant motion, Plaintiff seeks an order compelling Defendant to supplement many of its discovery responses, and compelling Defendant to produce deposition witnesses. At the motion hearing, the Parties represented that there are no remaining issues regarding deposition witnesses. Therefore, this part of Plaintiff's motion is denied as moot.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

Plaintiff has grouped its discovery requests into four broad categories. The Court will address the motion using these categories.

**A. Deposition Exhibits 6, 7, & 9**

Plaintiff requests complete copies of documents pertaining to Defendant's profit and margin percentages regarding sales of Defendant's dental equipment. Defendant has produced redacted copies of the requested documents. Defendant argues that complete information is not relevant to Plaintiff's breach of contract claim. The Court agrees.

However, the Court also agrees with Plaintiff that this information is relevant to Defendant's breach of contract counterclaim. Defendant claims that Plaintiff's breach of contract caused Defendant to suffer damages "greatly in excess of $2,000,000." (Def. Ex. B ¶¶ 30, 33.) Plaintiff has a right to examine Defendant's profit margins as it develops its defenses to these claims. Therefore, Defendant must supply un-redacted copies of Deposition Exhibits 6 and 9.[1]

Regarding Deposition Exhibit 7, the Court finds it reasonable that Plaintiff desires to examine the "Dental Bid Package" referred to in this exhibit. Defendant did not address Deposition Exhibit 7 in either its opposition papers or at the motion hearing. Therefore, Defendant must supply the "Dental Bid

[1]In its opposition papers, Defendant argues that it should not be required to produce this information, "particularly in the absence of a protective order." The Court notes that the Parties are free to enter into a protective order, if they feel it is appropriate.

Package" referred to in Deposition Exhibit 7, if it has not already done so.[2] Accordingly, this part of Plaintiff's motion is granted and Defendant must produce the requested information within thirty days of this Order.

**B. <u>Document Requests 7 & 9</u>**

Plaintiff seeks internal company information regarding Defendant's decision to discontinue its dental products line, and regarding Defendant's attempt to restructure its dental products business via a relationship with a partner or buyer. Defendant originally objected to these requests based on vagueness, overbreadth, burdensomeness, oppression, and irrelevance. In its opposition papers and at the motion hearing, Defendant focused on its irrelevance argument. Plaintiff argues that this information is relevant because Defendant's "abrupt unilateral termination of its business relationship" is central to this case.

The Court agrees with Plaintiff. Under our broad discovery rules, Plaintiff is entitled to explore the reasons why Defendant discontinued its dental products line. Plaintiff claims it was blind-sided by Defendant's decision. Moreover, Plaintiff is entitled to explore information related to whether its own actions and alleged breach of contract was the cause of Defendant's alleged loss of business, as Defendant claims. Whether or not this

---

[2]In its opposition papers, Defendant states that it has provided all "additional bid packages" it could locate. (Def. Mem. Opp. Pl. Mot. Compel at 5.) The Court is unclear as to whether this is the information Plaintiff seeks.

information, or any information it leads to, will be admissible at trial is not before the Court. At this point, it is enough that Defendant has not met its burden of demonstrating that the desired information is irrelevant. See Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D. Minn. 1989) (stating that a party opposing discovery on the basis of relevance must "sustain the objection"). Accordingly, this part of Plaintiff's motion is granted and Defendant must produce the requested information within thirty days of this Order.

**C. Document Requests 10 & 11**

Plaintiff seeks profit/loss information regarding the dental camera which was the focus of the original agreement, and regarding Kreativ, Inc., a company which Defendant acquired in 1999 and whose products Plaintiff marketed. Defendant argues that this information is irrelevant, especially as it relates to Kreativ. Defendant asserts that since Kreativ is not a party to this action, information related to Kreativ is irrelevant.

The Court disagrees. While it is true that Kreativ is not a party, Plaintiff has a breach of contract claim against Defendant based on the Parties' alleged business relationship regarding Kreativ products. (Def. Ex. A ¶ 22.) Thus, information related to the financial health of Kreativ is relevant to this cause of action, especially since Defendant is claiming that it had to discontinue its dental products business because Plaintiff failed to successfully market Defendant's dental products.

Moreover, Defendant is claiming damages in excess of 2 million dollars in its counterclaims. Plaintiff is entitled to know the basis of these claims. While it may be true that there is no way to document the damages Defendant suffered due to Plaintiff's allegedly false statements in the marketplace, an argument asserted by Defendant at the motion hearing, it is possible to document losses for breach of contract based on Plaintiff's alleged failure to properly market Defendant's products. Once again, Defendant has failed to meet its burden of demonstrating that this information is not discoverable. Therefore, this part of Plaintiff's motion is granted and Defendant must produce the requested information within thirty days of this Order.

**D. Interrogatory Nos. 14 & 15**

Plaintiff seeks information regarding "annual sales of [Defendant's] Reveal camera system" and "annual sales of Kreativ products" for the years 1994 to the present. Defendant objects to these interrogatories on the basis of overbreadth, burdensomeness, oppression, and irrelevance.

First, the Court finds that this information is discoverable. For the reasons stated above, this information is relevant to the claims in this case. Second, the Court finds Defendant's other boilerplate objections without merit. The Court finds it difficult to believe that Defendant's annual sales information is not readily available.

Plaintiff states that Defendant has not provided any information responsive to this interrogatory. However, Defendant disputes this assertion and represents that it has provided Plaintiff with a summary of the requested sales figures, and has offered to provide copies of purchase orders, if necessary.

The Court is not in a position to judge the veracity of Defendant's representation that it has provided Plaintiff with a sales summary, and must therefore assume that Defendant is complying with its discovery obligations. See Onwuka v. Fed. Express Corp., 178 F.R.D. 508, 514 n.2 (D. Minn. 1997) (citations omitted). However, since Plaintiff apparently has not seen this information, Defendant is ordered to produce another copy of its sales summary to Plaintiff. The Court also notes that Defendant's supplementation of Deposition Exhibits 6 and 9 will likely provide information which is responsive to these interrogatories. Accordingly, this part of Plaintiff's motion is granted and Defendant must produce the requested information within thirty days of this Order.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiffs' Motion to Compel Discovery (Doc. No. 16) is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order; and

(2) Defendant must comply with this Order and respond to any outstanding discovery requests by July 19, 2002.

Dated: June 19, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge