UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PATTERSON DENTAL COMPANY,
a Minnesota corporation,

Plaintiff,

v.

WELCH ALLYN, INC.,
a New York corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

Civil Action No. 01-163 MJD/JGL

WHEREAS, the parties believe they have trade secrets and other confidential or proprietary research, development and /or business information ("Confidential Information"); and

WHEREAS, the parties believe that certain of their Confidential Information may be relevant to the subject matter of this action; and

WHEREAS, the parties desire to protect and safeguard their Confidential Information; and

WHEREAS, there is good cause for this Protective Order and it will not compromise the public interest; and

WHEREAS, the parties consent and agree to conduct discovery under and to be bound by the Protective Order set forth below.



FILED 7-16-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

NOW, THEREFORE, for the purpose of protecting their Confidential Information,

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective undersigned counsel, that the Stipulated Protective Order as set forth herein be entered pursuant to F.R.Civ.P. 26(c) and be adopted for the protection of Confidential Information disclosed during this action:

1. Any party to this action, and any non-party from whom discovery is sought in connection with this action (the "disclosing party") may designate as

"CONFIDENTIAL -- COUNSEL EYES ONLY"

or

"CONFIDENTIAL"

any documents, things, interrogatory answers, responses to requests for admissions, deposition or trial testimony, or other material that contains Confidential Information.

2. Until or unless the Court rules otherwise, material marked or otherwise designated as "CONFIDENTIAL," including all excerpts, summaries, indices, abstracts, digests, reports, analyses, or copies of such material, shall be maintained in confidence by the person to whom such material is produced (the "receiving party") and shall not be disclosed to any person without the express written consent, or consent on the record, of the disclosing party except:

(a) Outside counsel specifically retained by the receiving party for advice concerning this action, including secretarial, clerical, paralegal and other litigation support personnel employed by such outside counsel;

(b) In-house counsel of the parties who are requested to furnish legal opinions or services concerning this action. It is expressly understood and agreed that prior to receiving any Confidential Information, in-house counsel must first execute a

copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(c) Translators of foreign language documents or foreign language testimony who are not employed by any party but are specifically retained to provide translations of Confidential Information in this action. It is expressly understood and agreed that the translators must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(d) Officers and employees of third-party contractors involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data and/or designing programs for handling data in connection with this litigation, including providing computerized litigation support at the direction of a permitted receiving party. It is expressly understood and agreed that an officer or employee of such third-party contractors must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(e) The Court and its employees, and court reporters and persons operating video equipment at depositions, whose functions require them to have access to Confidential Information;

(f) Independent experts or independent consultants who are not officers, directors, employees, shareholders, or consultants of a party to this action, who have been specifically retained in this action, and who agree that they will not use Confidential Information for any purpose other than to prepare for and/or to provide expert testimony in this action. It is expressly understood and agreed that before Confidential Information is disclosed to any such independent expert or independent consultant, counsel for the receiving party must first provide to the disclosing party, by facsimile or by overnight delivery, a written identification setting forth the name, position and curriculum vitae of the proposed independent expert or independent consultant, and a statement of the relationship of the independent expert or independent consultant to the parties. If the disclosing party does not object to the proposed independent expert or independent consultant within five (5) business days after receipt of the written identification, then the receiving party may disclose the Confidential Information to the proposed independent expert or independent consultant, <u>provided</u>, <u>however</u>, that such independent expert or independent consultant, first executes a copy of the declaration attached hereto as Exhibit A and thereby agrees to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each

other copies of all such Declarations promptly after they are executed. If the disclosing party objects to disclosure of Confidential Information to the proposed independent expert or independent consultant and if the parties cannot resolve the dispute on an informal basis, then the receiving party shall apply to the Court for a ruling on the objection of the disclosing party within seven (7) business days of receipt of the objection. In such event, the receiving party must withhold disclosure of the Confidential Information from the proposed independent expert or independent consultant pending the Court's ruling on the objection; and

(g) Officers, directors and employees of the parties to this action who are necessarily involved in the preparation or oversight of this litigation, including their secretarial, clerical and paralegal staff. It is expressly understood and agreed that the officers, directors and employees of the parties necessarily and directly involved in the preparation of oversight of this litigation, must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed.

3. The disclosing party shall designate as "CONFIDENTIAL -- COUNSEL EYES ONLY" only information that it believes is of a highly sensitive nature. Until or unless the Court rules otherwise, material marked or otherwise designated as "CONFIDENTIAL -- COUNSEL EYES ONLY," including all excerpts, summaries, indices, abstracts digests, reports, analyses, or copies of such material, shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person without the express written consent, or consent on the record, of the disclosing party except:

(a) Outside counsel specifically retained by the receiving party for advice concerning this action, including secretarial, clerical, paralegal and other litigation support personnel employed by such outside counsel;

(b) In-house counsel of the parties who are requested to furnish legal opinions or services concerning this action. It is expressly understood and agreed that prior to receiving any Confidential Information, in-house counsel must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(c) Translators of foreign language documents or foreign language testimony who are not employed by any party but are specifically retained to provide translations of Confidential Information in this action. It is expressly understood and agreed that the translators must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(d) Officers and employees of third-party contractors involved solely in one or more aspects of organization, copying, filing, coding, converting, storing, or retrieving data and/or designing programs for handling data in connection with this litigation, including providing computerized litigation support, at the direction of a permitted receiving party. It is expressly understood and agreed that an officer or employee of such third-party contractors must first execute a copy of the Declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed;

(e) The Court and its employees, and court reporters and persons operating video equipment at deposition, whose functions require them to have access to Confidential Information; and

(f) Independent experts or independent consultants who are not officers, directors, employees, shareholders, or consultants of a party to this action, who have been specifically retained in this action, and who agree that they will not use Confidential Information for any purpose other than to prepare for and/or to provide expert testimony in this action. It is expressly understood and agreed that before Confidential Information is disclosed to any such independent expert or independent consultant, counsel for the receiving party must first provide to the disclosing party, by facsimile or by overnight delivery, a written identification setting forth the name, position and curriculum vitae of the proposed independent expert or independent consultant, and a statement of the relationship of the independent expert or independent consultant to the parties. If the disclosing party does not object to the proposed independent expert or independent consultant within five (5) business days after receipt of the written identification, then the receiving party may disclose the Confidential Information to the proposed independent expert or independent consultant, provided, however, that such independent expert or independent consultant, first executes a copy of the Declaration attached hereto as Exhibit A and thereby agrees to be bound by the provisions of this Stipulated Protective Order. The parties shall provide to each other copies of all such Declarations promptly after they are executed. If the disclosing party objects to disclosure of Confidential Information to the proposed independent expert or independent consultant and if the parties cannot resolve the dispute on an informal basis, then the receiving party shall apply to the Court for a

ruling on the objection of the disclosing party within seven (7) business days of receipt of the objection. In such event, the receiving party must withhold disclosure of the Confidential Information from the proposed independent expert or independent consultant pending the Court's ruling on the objection.

4. Notwithstanding paragraphs 2 and 3 above, any party or third-party witness may be shown at a deposition or examine any document containing material designated "CONFIDENTIAL" or "CONFIDENTIAL -- COUNSEL EYES ONLY," if it appears from the face of the document that the witness authored or received a copy of it.

5. Those to whom Confidential Information is made available shall: (a) forever protect, safeguard and otherwise respect its confidential nature, (b) not disclose it or any part of it (including any excerpts, summaries, indices, abstracts, digests, reports, analyses or copies) to any person other than the persons identified in paragraphs 2 or 3 who are entitled to have it made available to them, (c) not use it or any part of it (including any excerpts, summaries, indices, abstracts, digests, reports, analyses or copies) for their own benefit or the benefit of the receiving party or anyone else, or to the detriment of the disclosing party, or for any purpose, except as necessary for the good faith conduct of this action in accordance with this Stipulated Protective Order, and (d) maintain all materials which are or which contain or reveal Confidential Information in a secure place where unauthorized disclosure to persons other than those identified in paragraphs 2 or 3 cannot reasonably be expected to occur.

6. Any Confidential Information disclosed in this action, if in writing, shall be stamped or otherwise clearly marked "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL EYES ONLY," as the case may be, on each page of the writing which contains Confidential Information.

7. The disclosing party shall have the right to exclude from attendance at depositions and trial any person not authorized pursuant to paragraphs 2 or 3 above, during such time as the disclosing party reasonably believes that Confidential Information may be disclosed. Unless otherwise agreed, all parties shall maintain deposition testimony and transcripts and all information contained therein as "CONFIDENTIAL -- COUNSEL EYES ONLY" for seven (7) days following receipt of a copy of the transcript of that testimony. During that seven (7) day period, the party desiring to maintain confidentiality must designate in writing those portions of the transcript that the party regards as "CONFIDENTIAL" or "CONFIDENTIAL -- COUNSEL EYES ONLY," and only those portions will thereafter be considered Confidential Information in accordance with the provisions of this Stipulated Protective Order. Alternatively, counsel for the party may on the record designate particular testimony as "CONFIDENTIAL" or "CONFIDENTIAL -- COUNSEL EYES ONLY."

8. In the event a disclosing party inadvertently fails to designate or mark Confidential Information, the disclosing party may subsequently designate it as "CONFIDENTIAL" or "CONFIDENTIAL -- COUNSEL EYES ONLY," by notifying the receiving party in writing as soon as practicable. After receipt of such notification, the receiving party must treat the Confidential Information in accordance with the requirements of this Stipulated Protective Order.

9. All Confidential Information disclosed in this action shall be used only for purposes of this action and not for any other actions or any business purpose whatsoever.

10. If any party objects to a designation, that party may request in writing that the disclosing party rescind or lower the designation. If the parties cannot agree, the objecting party may move the Court to order a lower designation, e.g., from "CONFIDENTIAL --

COUNSEL EYES ONLY" to "CONFIDENTIAL," or de-designation of any material. The burden of proof shall rest upon the party that designated the subject material.

11. Any pleading, transcript, discovery, memorandum or other document filed with the Court that contains or discloses any Confidential Information shall be marked appropriately, and shall be filed under seal with a cover sheet bearing the caption of this action and containing the following notice: "CONFIDENTIAL-SEALED BY ORDER OF THE UNITED STATES DISTRICT COURT: FILED PURSUANT TO PROTECTIVE ORDER", and shall be kept under seal until further order of the Court. Where possible, only those portions of filings with the Court that contain Confidential Information shall be filed under seal. Any documents to be filed under seal must be accompanied by a transmittal letter reciting, in substance:

> "These documents contain information of an extremely confidential nature. Pursuant to the Stipulated Protective Order, entered by the United States District Court for the District of Minnesota on the ____ day of July, 2002, you are respectfully instructed to place them in a separate file to which access is restricted to the attorneys of record in this action, the Office of the Clerk of the United States District Court for Minnesota, and the chambers of the assigned District Court Judge and Magistrate Judge."

Attorneys of record in this action are hereby authorized to be the persons who may retrieve Confidential Information, including exhibits, filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential materials may be returned by the Clerk of the Court, if they are not so retrieved.

12. Non-parties who provide Confidential Information in response to a subpoena or discovery request in this action may invoke the protections of this Stipulated

Protective Order for such information by designating that information confidential in accordance with the terms of this Stipulated Protective Order.

13. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party.

14. Nothing in this Stipulated Protective Order shall preclude a party from using or disclosing information or material that:

(a) was, is or becomes public knowledge, not by any act of a party or person in violation of this Stipulated Protective Order;

(b) is independently acquired by the receiving party by itself or from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the receiving party prior to the entry by the Court of this Stipulated Protective Order.

15. Within forty-five (45) days following final termination of this action by judgment, settlement or otherwise, all Confidential Information furnished or produced under the terms of this Stipulated Protective Order, including all copies thereof and all documents incorporating such information, shall be delivered to the outside counsel for the disclosing party, except those materials which in the judgment of the attorney in possession of the materials are work product materials, which shall be destroyed. Alternatively, at the option of the receiving party, outside counsel for the receiving party shall collect the Confidential Information furnished or produced under the terms of this Stipulated Protective Order, including all copies thereof and all documents incorporating such information, and destroy it, and certify in writing that all such material has been destroyed. Notwithstanding this provision, a single copy of all pleadings, transcripts, discovery, memoranda and other documents that contain Confidential Information,

including those materials which in the judgment of the counsel in possession of the materials are work product materials, may be retained in confidence under the terms of this Stipulated Protective Order by outside counsel for each party.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

17. This Protective Order shall not be construed to bar any attorney for the parties from rendering advice to his or her client with respect to this action, provided, however, that in rendering such advice and otherwise communicating with the client the attorney shall not disclose the substance or contents of any "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL EYES ONLY" material produced by another party, which disclosure would be contrary to the terms of this Protective Order.

18. The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms. This Stipulated Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.

Dated: June 28, 2002

BOND, SCHOENECK & KING, LLP

By: ______________________
Deborah H. Karalunas
Attorneys for Defendant
Welch Allyn, Inc.
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 422-0121
Facsimile: (315) 422-3598

BRIGGS AND MORGAN, P.A.

By: ______________________
Jeffrey F. Shaw
Attorneys for Plaintiff
Patterson Dental Company
Office and P.O. Address
2200 First National Bank Building
St. Paul, Minnesota 55101
Telephone: (651) 223-6600
Facsimile: (651) 223-6450

LINDQUIST & VENNUM, P.L.L.P.
David A. Allgeyer, #12042X
Mark R. Privratsky, #275104
Attorneys for Defendant
Welch Allyn, Inc.
Office & P.O. Address
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

SO ORDERED THIS 16 DAY OF JULY, 2002

______________________________

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------------------------------------

PATTERSON DENTAL COMPANY,
a Minnesota corporation,

Plaintiff,

**DECLARATION**

v.

Civil Action No. 01-163 MJD/JGL

WELCH ALLYN, INC.,
a New York corporation,

Defendant.

I,______________________, having been retained by ____________ in connection with the above-captioned lawsuit, hereby acknowledge that I may receive material or information designated as "Confidential" or "Confidential - Counsel Eyes Only" (hereinafter "Confidential Information") as set forth in the Protective Order in this case.

I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Confidential Information or any information derived therefrom, including excerpts, summaries, indices, abstracts, digests, reports, analyses thereof, and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such Confidential Information.

I will return on request or at the termination of this action all materials concerning or otherwise reflecting confidential information derived in whole or part from Confidential Information, copies thereof and notes that have been prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am employed or retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __________, 2002 ________________________________